**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| LOUSIK MANASIAN, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 05-77124 <br><br> Agency No. A072-529-582 <br><br> MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 2, 2010
Pasadena, California

Before: CANBY, GOULD and IKUTA, Circuit Judges.

Lousik Manasian, a native and citizen of Armenia, petitions for review of an

order of the Board of Immigration Appeals ("BIA") dismissing her appeal from an

immigration judge's ("IJ") denial of her application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

jurisdiction pursuant to 8 U.S.C. § 1252, and we grant the petition for review.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The IJ and the BIA denied Manasian's claims for asylum and withholding of removal on the ground that she lacked credibility. We conclude that the IJ's and the BIA's adverse credibility findings were not supported by substantial evidence. *See, e.g.*, *Singh v. Ashcroft*, 362 F.3d 1164, 1168 (9th Cir. 2004) (requiring this court to review adverse credibility determinations for substantial evidence).

In making the adverse credibility findings, the IJ and the BIA relied in substantial part on inconsistencies in Manasian's accounts of a robbery, kidnapping, and rape she allegedly suffered before fleeing Armenia. First, the IJ and the BIA cited the fact that the affidavit accompanying Manasian's asylum application did not clearly identify the individuals responsible for the kidnapping and rape, while her later written declaration and her hearing testimony indicated that one of the perpetrators was a police officer. Although we agree that this issue goes to the heart of Manasian's claim, neither the IJ nor the BIA provided reasons for rejecting Manasian's plausible explanation for this inconsistency, namely, that another individual had prepared the affidavit for her and that it had not been read back to her. *See Garrovillas v. INS*, 156 F.3d 1010, 1013-14 (9th Cir. 1998) (requiring the BIA to consider the petitioner's explanation that inconsistencies between his asylum application and his testimony were due to the fact that "his

former attorney prepared [the application] and that [the petitioner] had signed it without reading it"). Accordingly, absent a statement of reasons for rejecting Manasian's explanation, this inconsistency cannot provide substantial evidence for the adverse credibility findings. *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009) (concluding that an inconsistency going to the heart of the petitioner's claim could not provide substantial evidence for the adverse credibility finding because the BIA "[did] not refer to the explanation that [the petitioner] gave" and "[did] not give [its] reasons for considering that explanation unpersuasive"); *see also Chawla v. Holder*, No. 05-74823, 2010 WL 1135766, *4 (9th Cir. Mar. 26, 2010).

The IJ and the BIA also cited discrepancies in the location where the attackers left Manasian after the rape. However, because the specific location where Manasian was left does not go to the heart of her claim, this inconsistency cannot provide substantial evidence for the adverse credibility findings. *See Singh v. Ashcroft*, 301 F.3d 1109, 1113 (9th Cir. 2002).

The IJ and the BIA further emphasized that, while the affidavit and Manasian's testimony described the robbery preceding the kidnapping and rape, Manasian's second written submission omitted any reference to the robbery. Because Manasian was not given an opportunity to explain this omission, it does

not provide substantial evidence for the adverse credibility findings. *See, e.g.,*
*Soto-Olarte*, 555 F.3d at 1092.

Finally, the IJ and the BIA cited the fact that Manasian's original affidavit
contained no reference to the abuse she allegedly experienced at three prayer
meetings, which she described in her later declaration and her hearing testimony.
The omission of these details does not provide substantial evidence for the adverse
credibility findings. Although Manasian's original affidavit focused on the alleged
robbery, kidnapping, and rape, it also indicated that Manasian and her family had
been subjected to other unspecified incidents of persecution. Manasian's "failure
to file an application that was 'not as complete as might be desired cannot, without
more, serve as a basis for a finding of lack of credibility.'" *Lopez-Reyes v. INS*, 79
F.3d 908, 911 (9th Cir. 1996); *see also Smolniakova v. Gonzales*, 422 F.3d 1037,
1045 (9th Cir. 2005).

## II

The IJ's and the BIA's adverse credibility findings were not supported by
substantial evidence. We vacate the BIA's decision and remand this case on an
open record for the agency to evaluate Manasian's credibility, permitting Manasian
to explain why her second written submission made no reference to the alleged
robbery, and to explain any other inconsistencies upon which the BIA chooses to

4

rely. On remand, the agency must consider "in a reasoned manner" any such explanations, as well as Manasian's earlier explanation for the inconsistency in her identification of the individuals responsible for the kidnapping and rape. *See Soto-Olarte*, 555 F.3d at 1092. If the agency finds Manasian credible, it should consider in the first instance whether Manasian is eligible for asylum, withholding of removal, or CAT relief.[1]

**PETITION FOR REVIEW GRANTED; VACATED AND REMANDED.**

---

[1] The IJ and the BIA, in denying Manasian CAT relief, cited both Manasian's lack of credibility, as well as other record evidence. *See Kamalthas v. INS*, 251 F.3d 1279, 1280 (9th Cir. 2001) (holding that defeat of asylum claim on credibility grounds does not necessarily preclude relief on a CAT claim). Because we conclude that the adverse credibility findings were not supported by substantial evidence, the agency is instructed to reconsider Manasian's CAT claim on remand, in addition to her claims for asylum and withholding of removal. We reject the government's argument that, because Manasian previously failed to raise the CAT claim before the BIA, we lack jurisdiction to deal with it here. *See Abede v. Gonzales*, 432 F.3d 1037, 1041 (9th Cir. 2005) (en banc) ("When the BIA has ignored a procedural defect and elected to consider an issue on its substantive merits, we cannot then decline to consider the issue based upon this procedural defect.").

*Manasian v. Holder*, No. 05-77124

Judge Ikuta, dissenting.

The Supreme Court held in *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992) that determinations by the Board of Immigration Appeals (BIA) "must be upheld if 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" For the court "[t]o reverse the BIA finding we must find that the evidence not only *supports*" petitioner's conclusion, "but *compels* it." *Id.* at 481 n.1 (emphasis in original). Indeed, to overturn the BIA's judgment, the petitioner must show that the evidence is "so compelling that no reasonable factfinder could fail to find" that relief should have been granted. *Id.* at 484.

Here, the Immigration Judge (IJ) noted significant discrepancies between Manasian's 1994 and 2000 declarations. Specifically, in her 1994 declaration, Manasian stated that she was abused by criminals and helped by the police, while the 2000 declaration re-characterized these incidents to portray the police as the abusers. Similarly, the 1994 declaration made a single offhand reference to "unspecified incidents of persecution," *see* Maj. Op. at 4, while the 2000 declaration described in detail previously unmentioned incidents of abuse on account of her religion. These alleged incidents of governmental discrimination and abuse on account of her religion went to the heart of Manasian's asylum claim. *See Singh v. Ashcroft*, 301 F.3d 1109, 1111–12 (9th Cir. 2002).

In response to the IJ's question why these multiple dramatic incidents of abuse were omitted, Manasian explained that she "thought [she] would answer those when" asked at some future date. When asked why she failed to identify the police as her attackers in her initial declaration, Manasian's excuse was that, although she signed the declaration under penalty of perjury, she actually had never reviewed it. The IJ rejected these explanations as unpersuasive, and the BIA determined that the IJ was reasonable in so finding. We are not compelled to overturn this conclusion. *See Garrovillas v. INS*, 156 F.3d 1010, 1014 (9th Cir. 1998) (stating that, where a petitioner blamed the discrepancy between his asylum application and his in-court testimony on his former attorney's preparation of the application, we may deem the BIA's adverse credibility determination justified if "the inconsistency [is] accompanied by other indications of dishonesty," and the BIA addressed the petitioner's explanation); *see also Kin v. Holder*, 595 F.3d 1050, 1057 (9th Cir. 2010) ("When confronted with the omission at the asylum hearing, Kin stated that he felt inclusion in the asylum applications was not necessary because the demonstration would be discussed at the hearing. This explanation is not persuasive enough to compel the conclusion that the omissions were immaterial."). Given the IJ's reasonable rejection of Manasian's explanation for the discrepancies and omissions in her declarations, the IJ and BIA's adverse credibility determination was supported by substantial evidence.

The majority brushes aside this substantial evidence. The majority relies on *Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009), for the principle that we need not consider discrepancies in the record that support the IJ's adverse credibility determination if the IJ failed to provide reasons for rejecting a petitioner's explanation of those discrepancies. Aside from the fact that in this case the IJ did account for Manasian's explanations as being insufficient, this reading of *Soto-Alarte* cannot be correct. Because we are bound by *Elias-Zacarias*, we cannot reverse the BIA unless the evidence in the record compels such a conclusion, regardless of whether the IJ failed to give a detailed analysis of the reasons for rejecting the petitioner's explanation. *See* 502 U.S. at 481 & n.1. If we carry the majority's reading of *Soto-Alarte* to its logical conclusion, the next step will be to require that the petitioner be given an opportunity to rebut the IJ's analysis, and the step after will be to require the IJ to sur-rebut the petitioner's rebuttal. Neither the statute nor the Supreme Court allows us to go this far. We must not read *Soto-Olarte* as changing the standard of review for BIA decisions, but merely as holding that the evidence in that case compelled a reversal of the BIA's conclusion, notwithstanding a discrepancy in the record for which the petitioner gave a plausible explanation. *See* 555 F.3d at 1091.

Because nothing in the record in this case compels reversal, I would uphold the IJ's decision. I respectfully dissent.